PER CURIAM
*206 Pursuant to ORS 427.290, the trial court committed appellant to the Oregon Department of Human Services for a period not to exceed one year, on the basis that she was a person with an intellectual disability who was unable to provide for her basic needs and was not receiving necessary care. Appellant appeals, arguing that there was insufficient evidence to support the commitment. We reverse.
We review the sufficiency of evidence to support a commitment under ORS 427.290 for errors of law. State v. R. L. W. , 267 Or. App. 725, 728, 341 P.3d 845 (2014). We are bound by the trial court's findings that are supported by evidence in the record. Id ."In reviewing the court's findings, we view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." Id . (internal quotation marks omitted).
ORS 427.215 provides, in part:
"For the purposes of ORS 427.235 to 427.290, a person with an intellectual disability is in need of commitment for residential care, treatment and training if the person is * * *:
"* * * * *
"(2) Unable to provide for the person's basic personal needs and not receiving care as is necessary for the health, safety or habilitation of the person."
When a trial court has found that that standard is met, ORS 427.290(3) provides that "the court may order the commitment of the person to the department" for up to one year, "for care, treatment or training," if, in the court's opinion, "voluntary treatment and training or conditional release is not in the best interest of the person."
*426 Appellant did not contest below that there was sufficient evidence of an intellectual disability or that she was unable to provide for her basic personal needs. She argued, however, that there was insufficient evidence that she was not receiving the care necessary for her health, safety, or *207 habilitation. She reiterates that argument on appeal and the state concedes the error. Having reviewed the record, we agree that the evidence in the record is insufficient to support a determination that appellant was "not receiving care as is necessary for the health, safety or habilitation of the person." ORS 427.215(2). We therefore accept the state's concession and reverse the trial court's commitment order.
Reversed.